UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANE A. BEELER                                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:07-CV-408-H

DANETTA L. BEASLEY et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION**

The plaintiff, Dane A. Beeler, filed a *pro se*, *in forma pauperis* complaint alleging violations of his civil rights (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

The plaintiff names as defendants Loretta I. Beasley and Danetta L. Beasley. The plaintiff alleges that Loretta was his girlfriend when she said that she was "with child." He states that he married her to give the child a name but that two months later "she put me out and took in another man. She had a child by him. This man told the police he was the girls father also." He states that he was living out of town but that his mother brought the little girl to see him because she still thought she was his daughter but the police said that they had kidnapped the daughter. He states that after that he tried to get the court to order a DNA test but the court would not grant his request. He further alleges that "Loretta and Robert Gober bought a house with the child support money they collected from me. They lived together as husband and wife for over 20 years. This woman is [guilty] of fraud against me and the Commonwealth." In the portion of the complaint form which asks the plaintiff to state the grounds for filing suit, he lists the First Amendment's right to petition the government for a redress of a grievance; the Fourth

Amendment's prohibition on warrants being issued without due process; the Fifth Amendment's prohibition against compulsion to be a witness against oneself; the Sixth Amendment's right to a speedy trial; and the Eighth Amendment's right to be free from excessive bail and excessive fines.

As relief, the plaintiff requests an annulment based on fraud and adultery; the sale of the house paid for with child support money; a DNA test on Danetta Beasley, which he states has already been paid for; and Loretta Beasley to pay back all of the money she received from him. He attaches numerous documents to his complaint, including an April 2000 petition for name change signed by Loretta Beasley petitioning to change Danetta Leandrea Beeler's name to Danetta Leandrea Beasley. That petition describes Danetta as being 14 years old at that time. He also attaches a February 1, 2007, letter to him from Social Security Administration, Retirement, Survivors and Disability Insurance, referencing a court order regarding alimony and/or child support and stating that "KY DIV CS" had asked the Social Security Administration to withhold $138.50 from his checks. In the margin, the plaintiff, presumably, has written "girl is 22 years old." He also includes a print out of the sale of a house to Robert Gober and Loretta Beasley in 1997 for $16,000. In the margin, the plaintiff, again presumably, has written, "House bought with child support money." He also includes a letter dated April 18, 2006, from Michael Antimisiearis, M.D., stating that the plaintiff is permanently and totally disabled due to cardiomyopathy.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if

the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007). Each of the plaintiff's constitutional claims will be considered below.

*First Amendment claim*

The First Amendment to the United States Constitution provides, in pertinent part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government . . . ." U.S. CONST. amend I. Accordingly, while certain federal statutes may "govern action by private parties making personnel decisions, it is fundamental that the First

3

Amendment prohibits *governmental* infringement on the right of free speech." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) (emphasis added). The First Amendment does not safeguard against the limitation of free expression by private parties. *Hudgens v. NLRB*, 424 U.S. 507, 513 (1976); *Lloyd Corp. v. Tanner*, 407 U.S. 551, 567 (1972).

Because the plaintiff sues only private individuals, he has not stated a claim under the First Amendment, and this claim must be dismissed.

*Fourth Amendment claim*

Similarly, the plaintiff has failed to state a claim against the defendants under the Fourth Amendment. "The fourth amendment only proscribes government action; it is wholly inapplicable to the actions, even if unreasonable, of private citizens, unless those citizens are acting as agents of the government." *United States v. Grant*, 920 F.2d 376, 391 (6th Cir. 1990) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). The plaintiff has in no way alleged that the defendants have acted as agents of the government.

*Fifth Amendment claim*

The Fifth Amendment provides, in part, that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend V. The Fifth Amendment protection against self-incrimination, "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosure which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972).

Nothing in the complaint suggests that the plaintiff is being forced to make any

disclosures or is at risk for a criminal prosecution.[1]  Therefore, the plaintiff fails to state a claim under the Fifth Amendment.

*Sixth Amendment claim*

The Sixth Amendment states in pertinent part that "[i]n all *criminal prosecutions*, the accused shall enjoy the right to a speedy and public trial . . . ."  U.S. CONST. amend VI (emphasis added).  The Sixth Amendment is inapplicable because it applies, by its terms, only to criminal prosecutions.

*Eighth Amendment claim*

Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ."  U.S. CONST. amend VIII.  The Supreme Court has held that the Eighth Amendment was intended as a limitation only on those penalties imposed by the government and did not apply to civil cases between private parties.  *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 260 (1989).  Here, even assuming that the reduction of the plaintiff's Social Security check would qualify as an "excessive fine" under the Eighth Amendment, the only named defendants are private citizens.[2]  The plaintiff's Eighth Amendment claim therefore fails to state a claim.

---

[1] Although the complaint alleges that the man that Loretta Beasley was living with after putting the plaintiff "out" accused the plaintiff and his mother of kidnapping his daughter, it is clear that that event occurred a long time ago.  According to the complaint, at the time the accusation of kidnapping occurred, the putative daughter was a "little girl," and now she is 22 years old.  Nothing in the complaint suggests that the plaintiff is currently under investigation for kidnapping.

[2] There is no allegation in the complaint that the plaintiff was ever subjected to a bail requirement.

5

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss the plaintiff's complaint for failure to state a claim.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4412.009